## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KERBY C. PHILLIPS,
                Appellant,

       v.

DEPARTMENT OF THE INTERIOR,
                Agency.

DOCKET NUMBER
SF-1221-13-0295-W-1

DATE: August 18, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kerby C. Phillips, Grants Pass, Oregon, pro se.

Frank S. Wilson, Portland, Oregon, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied the appellant's request for corrective action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly modified by this Final Order to find that the appellant established a prima facie case of retaliation for whistleblowing, we AFFIRM the initial decision.

¶2        The appellant filed an individual right of action (IRA) appeal alleging that the agency terminated him during his probationary period as an Engineering Equipment Operator in retaliation for his whistleblowing. Initial Appeal File (IAF), Tab 1. The appeal was assigned to an administrative judge who found that the appellant had exhausted his remedies before the Office of Special Counsel with regard to some of his alleged disclosures, and had made a nonfrivolous allegation that he had made protected disclosures that were a contributing factor to his termination. IAF, Tab 13. The administrative judge developed the record, including holding a 2-day hearing. *See* Hearing Transcript (Aug. 1, 2013) (HT 1); Hearing Transcript (Aug. 2, 2013) (HT 2). The administrative judge, who heard the hearing testimony, retired before she issued an initial decision, and the regional office reassigned the case. IAF, Tab 38. The parties agreed that the administrative judge to whom the case was reassigned would issue an initial decision based on the existing record. IAF, Tab 39.

¶3        In the initial decision, the administrative judge found that the appellant failed to prove by preponderant evidence that the four disclosures on which he

had exhausted his administrative remedies constituted protected disclosures. IAF, Tab 40, Initial Decision (ID) at 3. The administrative judge found that the appellant failed to prove that his disclosure of a breakdown of the articulating mower that he was using established a reasonable belief of a substantial and specific safety risk. ID at 4. He found that the appellant failed to prove that his disclosure during a meeting with his second level supervisor that some of the agency's vehicles lacked radios, that his coworkers did not inform others of their location while driving, and that coworkers drove too fast established a reasonable belief of a violation of law, rule, or regulation, or a substantial safely risk. ID at 4-6. The administrative judge also found that the appellant failed to prove that his disclosure about how a coworker operated a road broom established a reasonable belief of a substantial safety risk, and failed to show that his allegation that a coworker texted while driving was true, thus failing to establish a reasonable belief of a violation of the law prohibiting texting while driving. ID at 6-10. The administrative judge further found that the appellant failed to show that the eleven vague disclosures in an Occupational Safety and Health Administration (OSHA) complaint established a reasonable belief of a violation of law, rule, or regulation, or a substantial safety risk. ID at 10-13.

¶4 Additionally, the administrative judge found that, even if any of the appellant's disclosures constituted protected whistleblowing, the agency proved by clear and convincing evidence that it would have terminated the appellant absent the disclosures based on the misconduct alleged in the termination letter. ID at 14-17. He also found that the appellant's supervisors had little motivation to retaliate. ID at 17-19.

¶5 In his petition for review, the appellant argues, as he did below, that his disclosures established a reasonable belief of a substantial safely risk. He also reiterates his assertion that his disclosure that a coworker texted while driving established a reasonable belief of a violation of law.

¶6        Federal agencies are prohibited from taking, failing to take, or threatening to take or fail to take, any personnel action against an employee in a covered position because of the disclosure of information that the employee reasonably believes to be evidence of a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety.  5 U.S.C. § 2302(a)(2), (b)(8); *see Jenkins v. Environmental Protection Agency*, 118 M.S.P.R. 161, ¶ 16 (2012).  In order to establish a prima facie case of whistleblower reprisal in an IRA appeal, the employee must prove, by preponderant evidence, that he made a protected disclosure and that the disclosure was a contributing factor in a personnel action against him.  5 U.S.C. § 1221(e)(1); *Jenkins*, 118 M.S.P.R. 161, ¶ 16.  The most common way of proving that a disclosure was a contributing factor in a personnel action is the "knowledge/timing" test.  *Wadhwa v. Department of Veterans Affairs*, 110 M.S.P.R. 615, ¶ 12, *aff'd*, 353 F. App'x 435 (Fed. Cir. 2009).  Under that test, an appellant can prove the contributing factor element through evidence that the official taking the personnel action knew of the whistleblowing disclosure and took the personnel action within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action.  *Id*.

¶7        If the appellant makes out a prima facie claim of whistleblower reprisal, the agency is given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure.  5 U.S.C. § 1221(e)(2); *Jenkins*, 118 M.S.P.R. 161, ¶ 16.  In determining whether an agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of whistleblowing, the Board will consider the following factors: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are

not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, [185 F.3d 1318](), 1323 (Fed. Cir. 1999); *see Jenkins*, [118 M.S.P.R. 161](), ¶ 16.

¶8    We agree with the administrative judge that the appellant failed to prove by preponderant evidence that he had a reasonable belief that he was making a disclosure protected under the Whistleblower Protection Act for all of his disclosures except his disclosure that a coworker texted while driving. As explained below, we find that the appellant proved by preponderant evidence that he had a reasonable belief that he observed a coworker texting while driving an agency vehicle in violation of state law.

¶9    Overarching the administrative judge's finding that the appellant failed to prove that he made protected disclosures is the administrative judge's finding that there were a number of inconsistencies in the appellant's testimony that call into question the reliability of the appellant's account of facts, including his ability to estimate speeds and distances of vehicles that he alleged were being operated unsafely and the width and slope of the sides of a ditch that he alleged were not dug properly for six employees to work in safely. ID at 9-12. Because the administrative judge's credibility determinations were not based on the demeanor of witnesses, because he was not present at the hearing, which as noted was held by a different administrative judge, the Board is free to substitute its own credibility findings for those of the administrative judge. *See Donato v. Department of Defense*, [34 M.S.P.R. 385](), 389-90 (1987) (stating that where the administrative judge's credibility determinations were not based on the demeanor of the witnesses, the Board could substitute its own factual determinations, giving the administrative judge's findings only the weight warranted by the record and the strength of his reasoning). Nonetheless, the administrative judge's credibility findings were based on all the evidence of record, including the extensive hearing testimony, and we find that there are no other, more persuasive, indicia of

credibility in the record than those relied on by the administrative judge that might form a basis to reverse the administrative judge's credibility determination.

¶10 Our reexamination of the administrative judge's finding that the appellant did not prove by preponderant evidence that he had a reasonable belief that his coworker used his cell phone to text while he was driving a government vehicle does not reverse the administrative judge's credibility findings. Rather, our finding examines the determination that the appellant failed to prove that he had a reasonable belief that he disclosed that his coworker violated a law by texting using the proper test to determine reasonable belief.

¶11 In finding that the appellant failed to prove by preponderant evidence that he had a reasonable belief that a coworker was texting while driving a government vehicle, and thus violating Oregon law, the administrative judge credited the agency's witness's testimony denying the conduct described in the disclosures. However, the test for protected status is not the truth of the matter disclosed but whether it was reasonably believed. *See Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶ 28 (2014); *Special Counsel v. Spears*, 75 M.S.P.R. 639, 654 (1997). Therefore, the appellant's failure to prove that the alleged misconduct described in his disclosures occurred is not a valid basis for finding that those disclosures are not protected under 5 U.S.C. § 2302(b)(8). Rather, to prove that his disclosure is protected, the appellant need only show that a disinterested observer with knowledge of the essential facts known to and readily ascertainable by him could reasonably conclude that: (1) the alleged conduct occurred; and (2) the alleged conduct evidences one of the categories of wrongdoing identified in 5 U.S.C. § 2302(b)(8)(A).

¶12 The appellant testified as follows: on a specific occasion, he was riding from a rather remote work site with a coworker who was driving an agency owned vehicle. HT 1 at 29. The coworker stopped at a red light and did not move the vehicle immediately when the light turned green. *Id.* The appellant looked over at the driver and believed that he saw him using his mobile phone to text. *Id.*

The driver was "oblivious" that the light had turned green and that traffic was moving because he was focused on his phone. *Id*. As the administrative judge found, the coworker denied texting. HT 2 at 10. However, he did not remember the specific incident that the appellant referenced. *Id.* at 29. He testified that he never texts while driving. *Id.* at 30. Based on the testimony of the appellant and the coworker, the administrative judge found that he could not determine whether the coworker was in fact texting or simply looking at the phone while stopped without using it. ID at 9.

¶13      We agree with the administrative judge that the record supports a finding that the appellant established that a coworker with whom the appellant was riding in a government owned vehicle held his phone while the vehicle was stopped at a red traffic light. Further, although the administrative judge did not credit the appellant's testimony about the length of time that the coworker was oblivious to the fact that the light had turned from red to green, nothing contradicts the appellant's testimony that the coworker failed to move the vehicle for some amount of time after the traffic signal turned green. As noted, the coworker testified that he did not remember the specific incident. Further, nothing contradicts the appellant's testimony that the coworker remained focused on his phone for some interval when he could have moved the truck that he was driving. Based on our findings regarding what the appellant observed, and applying the disinterested observer standard, we find that the appellant reasonably believed that a coworker texted while driving and that the alleged misconduct constituted a violation of law or wrongdoing as described in 5 U.S.C. § 2302(b)(8). Moreover, in making a disclosure involving a violation of law, rule, or regulation, we note that there is no de minimis exception for disclosures falling within the scope of 5 U.S.C. § 2302(b)(8)(A)(i). *See Fisher v. Environmental Protection Agency*, 108 M.S.P.R. 296, ¶ 9 (2008). Under these circumstances, we find that the appellant has proven by preponderant evidence that he had a reasonable belief that he disclosed a violation of law.

¶14     In addition to applying the wrong evidentiary standard in assessing whether the appellant proved that his disclosures were protected, the administrative judge failed to make specific findings regarding the contributing factor element. Because the record is fully developed, we can make findings on the contributing factor element. We find that the appellant established, using the knowledge timing test, that his disclosure of a violation of law was a contributing factor to his termination. *See Wadhwa*, 110 M.S.P.R. 615, ¶ 12.

¶15     The appellant disclosed his reasonable belief that his coworker was violating Oregon law by texting while driving on March 29, 2012, in an email to the Maintenance Manager. IAF, Tab 4 at 17. Shortly thereafter, on April 9, 2012, the appellant's supervisor, the Engineering Equipment Operator Supervisor, issued a decision to terminate the appellant effective that same day. IAF, Tab 8 at 302, 314. The appellant addressed his request for reconsideration of the termination decision to the Maintenance Manager, and she affirmed the termination decision on April 19, 2012. *Id*. at 302. Thus, the appellant established that the agency official who affirmed the appellant's termination knew of the whistleblowing disclosure because he addressed his email making the disclosure to her. Further, she took the action within 3 weeks of the appellant's disclosure, a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *See Rubendall v. Department of Health & Human Services*, 101 M.S.P.R. 599, ¶ 13 (2006) (a gap of less than 6 months between a disclosure and a personnel action is "sufficiently proximate" to satisfy the timing prong of the knowledge-timing test), *superseded on other grounds by statute*, Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465, *as stated in Carney v. Department of Veterans Affairs*, 2014 MSPB 62, ¶ 6.

¶16     Because the appellant met his burden to establish a prima facie case of whistleblowing, the burden shifted to the agency to prove by clear and convincing evidence that it would have taken the termination action in the absence of the

appellant's whistleblowing.[2] *See Jenkins*, 118 M.S.P.R. 161, ¶ 16. The appellant's assertion in his petition for review that the agency failed to meet that burden because it failed to show that he engaged in the misconduct that the agency gives as the reason for the appellant's termination is unavailing. We agree with the administrative judge that, examining the agency's evidence under the *Carr* factors, and considering the record evidence as a whole, the agency met its burden. *See Carr*, 185 F.3d 1318, 1323; *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012).

¶17    The agency's evidence that the appellant engaged in the conduct that led to his termination is strong under *Carr* factor one, the strength of the agency's evidence. As the administrative judge found, the agency established the occurrence of each of the five incidents identified in the termination letter. IAF, Tab 8 at 314; ID at 14-17. The record shows though that during a culvert-installation project, the appellant stood beside the ditch and watched the rest of the crew work, even after his supervisor addressed the appellant's concern that working in the ditch was dangerous. ID at 14. Also, the agency established that the appellant drove a dump truck in a way that had the potential to damage it, specifically, slipping the clutch while attempting to start in a high gear and shifting the interlock rear end while the vehicle was moving, and not taking the

---

[2] The Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, § 114(b), 126 Stat. 1465, 1472, amended 5 U.S.C. §1221(e)(2) to provide that the Board may not proceed to the clear and convincing evidence test unless it has first made a finding that the appellant established his prima facie case of reprisal for whistleblowing. The WPEA was effective as of December 27, 2012, Pub. L. No. 112-199, § 202, 126 Stat. 1465, 1476, and thus is applicable to this appeal that was pending before the Board when the statute became effective. The administrative judge acted inconsistently with the WPEA by reaching the clear and convincing evidence stage even after finding that the appellant failed to establish a prima facie case, but this error is of no consequence because of our finding that the appellant established a prima facie case. Thus, it was, in fact, proper and necessary for the administrative judge to determine whether the agency established by clear and convincing evidence that it would have terminated the appellant despite his protected activity.

advice of his supervisor not to do this. ID at 15. Additionally, the record shows that the appellant took four hours to complete what should have been a 1 and a half hour assignment of returning equipment to the office when the appellant realized that he must return it because of bad weather. ID at 16. Further, the agency showed that, on one occasion, the appellant left for a project half an hour before the rest of the crew but arrived an hour after them, and offered no acceptable reason for his delay. ID at 16-17. Finally, regarding the strength of the agency's evidence that the appellant engaged in the misconduct identified in the termination letter, the agency showed that the appellant screamed and cussed at a coworker who reminded the appellant, as a matter of safety, to turn off the brush cutter when others were nearby. ID at 17.

¶18 *Carr* factor two is the motive, to retaliate and, as the administrative judge found, the motive to retaliate was not strong. ID at 18-19. As the administrative judge found, most of the appellant's alleged disclosures involved alleged wrongdoing by the appellant's coworkers and did not accuse the supervisors themselves of any misconduct. The appellant's OSHA complaint might have been thought to target the supervisors. However, the supervisors had been working on the termination letter before they were aware of the OSHA complaint, even though the termination was effected after they learned of the complaint. But, persisting in discipline decided upon before learning of protected disclosures does not, by itself, transform the discipline into a prohibited personnel practice. There is nothing in 5 U.S.C. § 2302(b)(8) that requires a supervisor to change a decision once he learns that the employee has engaged in whistleblowing. *See Charest v. Federal Emergency Management Agency*, 54 M.S.P.R. 436, 438 (1992); *Special Counsel v. Hathaway*, 49 M.S.P.R. 595, 605 (1991), *aff'd*, 981 F.2d 1237 (Fed. Cir. 1992). In any event, the agency was subject to annual OSHA inspections, and one was due at the time that the appellant made his complaint. ID at 19.

¶19    *Carr* factor three is the comparable treatment of non-whistleblowers.  The record does not contain evidence that non-whistleblowers had engaged in similar conduct but had not had their appointments terminated.  Thus, the third *Carr* factor is not a relevant consideration in this case.

¶20    When conducting an assessment of the *Carr* factors, the Board evaluates all the pertinent evidence in determining whether an element of a claim or defense has been proven adequately.  *See Whitmore*, 680 F.3d at 1368.  A proper analysis of the clear and convincing evidence issue requires that all of the evidence be weighed together—both the evidence that supports the agency's case and the evidence that detracts from it.  *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 37 (2013).  We agree with the administrative judge that considering the agency's evidence regarding the *Carr* factors and all of the evidence as a whole, the agency established by clear and convincing evidence that it would have terminated the appellant absent his whistleblowing.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge

the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board

neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.