# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ELLIOTT FISHER,
         Appellant,

      v.

DEPARTMENT OF HEALTH AND
   HUMAN SERVICES,
         Agency.

DOCKET NUMBER
DE-1221-13-0778-W-1

DATE: December 12, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Elliott Fisher</u>, Apache Junction, Arizona, pro se.

<u>Moira McCarthy</u>, Phoenix, Arizona, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant, formerly a Psychiatric Practical Nurse, filed the instant IRA appeal alleging that in October 2011, he disclosed a doctor's failure to properly assess and document a teenage client's suicidal behavior in November 2009 and stating that he filed a union grievance related to a 14-day suspension issued in February 2012. *Fisher v. Department of Health & Human Services*, MSPB Docket No. DE-1221-13-0778-W-1, Initial Appeal File (IAF), Tabs 1-2.[2] He further alleged that agency officials retaliated against him by: (1) making a complaint against him to the Arizona Nursing Board in January 2012; (2) raising

---

[2] The appellant was removed from his position on March 30, 2012, and he filed a separate Board appeal, which is still pending. *See Fisher v. Department of Health & Human Services*, MSPB Docket No. DE-0752-12-0268-I-2; *see also* IAF, Tab 10 at 15-16 (removal Standard Form 50). In December 2012, the appellant filed an IRA appeal alleging that the agency's decision to suspend him for 14 calendar days and to detail him to the Phoenix Indian Medical Center was in reprisal for protected whistleblowing activity. The administrative judge dismissed the appeal as untimely filed and the appellant did not file a petition for review of that decision. *See Fisher v. Department of Health & Human Services*, MSPB Docket No. DE-1221-13-0094-W-1, Initial Decision (Mar. 25, 2013).

false claims about him to the agency's Office of Inspector General in 2012 which led to his arrest on a charge of "Computer Tampering and[/]or solicitation thereof"; and (3) falsely alleging that he threatened these officials, which resulted in their seeking injunctions against him and U.S. Postal Inspectors questioning him related to these alleged death threats.  *See* IAF, Tabs 1-2.

¶3        The administrative judge issued an initial decision in which he found that the appellant made a nonfrivolous allegation of a protected disclosure regarding the failure to assess a patient's behavior and that he exhausted his administrative remedies with the Office of Special Counsel (OSC) regarding this disclosure but did not nonfrivolously allege that his disclosure was a contributing factor in a "personnel action."  IAF, Tab 21, Initial Decision (ID) at 4-7.  The administrative judge further found that the appellant's union grievance did not provide a basis for an IRA appeal under the Whistleblower Protection Enhancement Act of 2012 (WPEA) because he did not aver that his grievance was related to remedying an alleged violation of 5 U.S.C. § 2302(b)(8).  ID at 7.

¶4        The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply.  Petition for Review (PFR), Tabs 1, 3-4.  On review, the appellant asserts that the administrative judge did not adequately consider the WPEA, and he references *Day v. Department of Homeland Security*, 119 M.S.P.R. 589 (2013), to support his assertion that the WPEA should be applied retroactively.  He further states that, because one "internal investigation" led to an "inappropriate 'detail'" to a facility that he was not qualified to work in and another led to a lower performance evaluation, these investigations are personnel actions within the Board's IRA jurisdiction.  He also states that he did not intend for union reprisal to be a basis for his claim.  Finally, he includes documentation with his petition for review submissions.

¶5        The Board has jurisdiction over an IRA appeal if the appellant has exhausted his or her administrative remedies before OSC and makes nonfrivolous allegations that:  (1) he engaged in whistleblowing activity by making a protected

disclosure, and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). We discern no error with the administrative judge's conclusion that the appellant nonfrivolously alleged that he disclosed a substantial and specific danger to public health or safety in October 2011 or that he exhausted his administrative remedies with OSC regarding this disclosure. *See* ID at 4-5. To the extent that the appellant explains on review "the gravity of the disclosure and how the public's safety was in fact threatened," and includes a copy of the facility's mission statement in support of this explanation, *see* PFR File, Tab 1 at 4-6, 8, we need not consider this explanation and/or documentation because the administrative judge found in his favor on this jurisdictional element.

¶6 Regarding his contention that the administrative judge "misconstrue[d]" the application of the WPEA, we note that section 104 of the WPEA added a definition of "personnel action" in 5 U.S.C. § 2302(a)(2)(A), and thus, "the implementation or enforcement of any nondisclosure policy, form, or agreement" constitutes a personnel action under the WPEA. *See* Pub. L. No. 112-199, 126 Stat. 1465 (2012), § 104. This additional definition does not appear applicable to this matter. Moreover, the appellant's reliance on *Day*, standing alone, does not persuade us that section 104 of the WPEA is entitled to retroactive effect because the Board has subsequently declined to apply the new IRA appeal right in section 101(b)(1)(A) of the WPEA as it pertains to several prohibited personnel practices (PPPs) described in 5 U.S.C. § 2302(b)(9). *See, e.g.*, *Miller v. Federal Deposit Insurance Corporation*, 2014 MSPB 83, ¶ 15 (discussing the PPP described at section 2302(b)(9)(A)(i)); *Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 7 (2014) (discussing the PPPs described at sections 2302(b)(9)(A)(i) and (b)(9)(C)); *Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶¶ 8-15 (2014) (discussing the PPP described at section 2302(b)(9)(B)). We need not resolve whether section 104 of the WPEA is

entitled to retroactive effect because the internal investigations, as described by the appellant, do not constitute personnel actions under either the Whistleblower Protection Act (WPA) or the WPEA. The administrative judge properly noted in the initial decision that the Board will consider an agency investigation in connection with an enumerated personnel action. *See* ID at 5 (citing, among other cases, *Wadhwa v. Department of Veterans Affairs*, 111 M.S.P.R. 26, *aff'd*, 353 F. App'x 435 (Fed. Cir. 2009)). A performance evaluation and a detail constitute personnel actions under 5 U.S.C. § 2302(a)(2)(A). *See Colbert*, 121 M.S.P.R. 677, ¶ 12; *Mithen v. Department of Veterans Affairs*, 119 M.S.P.R. 215, ¶ 12 (2013). However, the appellant has not nonfrivolously alleged how these internal investigations led to the detail or the lower performance evaluation or how these investigations were so closely related to the detail or performance evaluation that they could have been a pretext for gathering information to retaliate for whistleblowing. *See Mattil v. Department of State*, 118 M.S.P.R. 662, ¶ 21 (2012).[3] Thus, we agree that the appellant has not made a nonfrivolous allegation of a personnel action.

¶7 In light of the appellant's assertion on review that he "never brought his one[-]page Union Grievance as a basis for his IRA Appeal," PFR File, Tab 1 at 6, we affirm the administrative judge's conclusion that the appellant could not bring an IRA appeal based on the union grievance. *See, e.g.*, *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶¶ 6-7 (2013) (noting that under the WPA, reprisal for exercising a grievance right is a PPP under 5 U.S.C. § 2302(b)(9), not 5 U.S.C. § 2302(b)(8), and holding that the WPEA only extended the Board's jurisdiction to grievances that concerned remedying an alleged violation of section 2302(b)(8)).

¶8 Finally, the appellant includes documentation in his petition for review submissions, including a copy of his initial appeal paperwork from this matter

---

[3] In light of our disposition, we need not determine whether the detail referenced by the appellant on review is the same detail in his 0094 IRA appeal. *See supra*, ¶ 2 n.2.

and a Motion to Dismiss for Lack of Jurisdiction in *State of Arizona v. Elliott E. Fisher*, No. CR201202576, which was apparently filed by his public defender. *See* PFR File, Tabs 1, 4. Evidence that is already a part of the record, such as his initial appeal paperwork, is not new. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980). Even if the motion was "new" evidence, it does not change our analysis of the jurisdictional issue.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.