NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3167

DOM WADHWA,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Dom Wadhwa, of Moorestown, New Jersey, pro se.

Matthew H. Solomson, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3167

DOM WADHWA,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board in PH1221080019-W-1.

_____

DECIDED: November 19, 2009

_____

Before GAJARSA, DYK, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

Dr. Dom Wadhwa petitions for review of the final decision of the Merit Systems Protection Board ("Board") that denied his request for corrective action sought in his Individual Right of Action ("IRA") appeal under the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8) (2000). <u>See</u> <u>Wadhwa v. Dep't of Veterans Affairs</u>, 110 M.S.P.R. 615 (M.S.P.B. Mar. 13, 2009) ("Final Decision"). For the reasons stated below, we <u>affirm</u>.

BACKGROUND

Dr. Dom Wadhwa is a Staff Physician at the Philadelphia Veterans Administration Medical Center ("PVAMC"), a Department of Veterans Affairs ("DVA" or "agency") hospital located in Philadelphia, Pennsylvania. On June 9, 2006, Dr. Wadhwa, while working at the Primary Care Clinic, encountered a patient who allegedly walked into his examination room without an appointment. The patient became confrontational, and blocked his exit. Dr. Wadhwa reported this incident to the DVA Office of Resolution Management ("ORM"), including with his report the patient's file containing personal information. In response, his supervisors asked a local Administrative Investigation Board to investigate the possibility of a violation of the Privacy Act, based on Dr. Wadhwa's disclosure of the patient's private information.

On July 23, 2006, Dr. Wadhwa submitted a letter to the DVA Inspector General ("IG") office, describing both the incident on June 9, 2006, and safety problems at the hospital in general. Shortly thereafter, his first-line supervisor, Dr. Murphy, issued a proposed 14-day suspension letter to Dr. Wadhwa based on the alleged violation of the Privacy Act. This proposal was later rescinded and was replaced with a proposed removal by Dr. Wadhwa's second-line supervisor, Dr. Grippey.

In late 2006, Dr. Wadhwa was reassigned from the PVAMC to the Northern Indiana Health Care System in Indiana. That order was rescinded and he was reassigned to the PVAMC due to the unresolved, proposed disciplinary action. On his return, he was temporarily reassigned to the Compensation and Pension ("C&P") Section of the PVAMC, where patients are examined for purposes of disability claims, rather than to his former clinical position in the Primary Care Clinic, where patients seek

general medical care. After Dr. Wadhwa received a letter confirming that his reassignment to the C&P Section was permanent, Dr. Wadhwa filed a complaint with the Office of Special Counsel alleging that his 2007 reassignment from the Primary Care Clinic to the C&P Section was in retaliation for his whistleblowing disclosure protected under the WPA.

Dr. Wadhwa appealed to the Board, and the administrative judge ("AJ") denied Dr. Wadhwa's request for corrective action. Wadhwa v. Dep't of Veterans Affairs, No. PH-1221-08-0019-W-1 (M.S.P.B. Jun. 26, 2008) ("Initial Decision"). In denying the request, the AJ found that: (1) Dr. Wadhwa failed to show that he made protected disclosures on July 23, 2006, when he submitted a memorandum alleging safety violations at PVAMC to the IG; (2) even if Dr. Wadhwa's disclosures were protected, he failed to show that they were a contributing factor in his reassignment from the Primary Care Clinic to the C&P Section; and (3) the agency showed by clear and convincing evidence that it would have reassigned Dr. Wadhwa absent any disclosure. Id.

On petition for review, the Board modified the AJ's initial decision but nevertheless denied Dr. Wadhwa's request for corrective action, holding that: (1) the AJ erred in finding that Dr. Wadhwa's disclosures were not protected; and (2) the AJ erred in finding that Dr. Wadhwa's disclosures were not a contributing factor in his reassignment; but (3) the AJ correctly found that the agency presented clear and convincing evidence that it would have reassigned Dr. Wadhwa even absent any protected disclosure. See Final Decision. Dr. Wadhwa timely filed this appeal. We have jurisdiction over Dr. Wadhwa's appeal pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our scope of review in an appeal from a decision of the Board is limited. Specifically, a decision of the Board must be affirmed unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); see Dickey v. Off. of Pers. Mgmt., 419 F.3d 1336, 1339 (Fed. Cir. 2005).

In order for the Board to order corrective action in an IRA appeal, the petitioner must show by a preponderance of the evidence that the protected disclosure was a contributing factor to the personnel action. See 5 U.S.C. § 2302(b)(8)(A); Johnston v. Merit Sys. Prot. Bd., 518 F.3d 905, 909 (Fed. Cir. 2008). The burden then shifts to the agency to show by clear and convincing evidence that it would have taken the same personnel action in the absence of the disclosure. See 5 U.S.C. § 1221(e); Marano v. Dep't of Justice, 2 F.3d 1137, 1141 (Fed. Cir. 1993). Here, because the Board determined that Dr. Wadhwa had satisfied his initial burden to show that the disclosure was a contributing factor in the decision to reassign him, we need only review the Board's determination that DVA satisfied its burden by clear and convincing evidence that it would have taken the same personnel absent the disclosure.

When determining whether the agency has shown by clear and convincing evidence that it would have taken the same personnel action absent the disclosure, the following three factors are considered: (1) the strength of the agency's evidence in support of its personnel action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any

evidence that the agency takes similar actions against employees who are not whistleblowers, but who are otherwise similarly situated. Carr v. Social Sec. Admin., 185 F.3d 1318, 1323 (Fed. Cir. 1999).

In denying Dr. Wadhwa's request for corrective action, the Board correctly considered the requisite Carr factors and properly evaluated the submitted evidence. First, the evidence in support of the agency's action to reassign Dr. Wadhwa was substantial. The agency's witnesses testified that Dr. Wadhwa was reassigned because (1) there was a large backlog of cases in the C&P Section that had developed due to the Iraq War; (2) Dr. Wadhwa requested that he not be returned to work for Dr. Murphy; (3) Dr. Wadhwa had performance problems and received a large number of patient complaints while working at the Primary Care Clinic, even before the July 23, 2006 report of alleged safety violations; and (4) Dr. Wadhwa had communication and collaboration problems with other staff members at the Primary Care Clinic. The witnesses testified that Dr. Wadhwa was better suited to work in the C&P Section rather than Primary Care, because a C&P physician has less contact or collaboration with Dr. Murphy and other staff. Significantly, the agency presented clear evidence that there were disputes between Dr. Wadhwa and his supervisors over his alleged performance with patient care prior to the July 23, 2006 report of alleged safety violations. Initial Decision at 17.

With respect to the second factor, the AJ found "very little motivation for all four managers to prevaricate and . . . for bias against [Dr. Wadhwa] based on any improper reason." Initial Decision at 16. Specifically, she found that "[n]o manager seems to have been affected by the . . . disclosures. No manager appeared to be concerned

about the disclosures because the issues were not new or unknown, and for Drs. Murphy and Grippey, not even within their direct authority to implement." Id. at 12. While Dr. Wadhwa argues that the testimony of the agency's witnesses was lacking and unsubstantiated, he points to no contrary evidence. We note that the Board did not specifically discuss whether the agency takes similar actions against employees who are not whistleblowers, but who are otherwise similarly situated. However, it appears that neither party presented evidence with respect to this factor. Given that no evidence was introduced on the third Carr factor, the Board's failure to discuss it was at most harmless error. Substantial evidence supports the Board's finding that the agency showed by clear and convincing evidence that it would have reassigned Dr. Wadhwa absent the disclosure based on the analysis of the first two factors.

Dr. Wadhwa contends that "the AJ erred in crediting the testimonies of the Agency's witnesses without any supporting documentation over [Dr. Wadhwa's] testimony and documentation" and that "the AJ made demeanor-based credibility findings without sufficiently sound reasons for doing so." As the finder of fact, the AJ is in a unique position to make credibility determinations and evaluate the evidence on the record before her. Accordingly, the AJ's credibility determinations are "virtually unreviewable," Hambsch v. Dep't of Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986), and we see no basis to overturn the Board's finding here that the agency's witnesses were credible.

Dr. Wadhwa also contends that he was precluded from presenting witnesses to support his case. This argument is without merit. The proffered testimony of agency witnesses and the request for further cross-examination of agency witnesses were

untimely, and Wadhwa in any event has failed to establish that this testimony was relevant or non-cumulative. On the facts of this case, we do not find any abuse of discretion by the AJ in denying the admission of the proffered testimony.

CONCLUSION

We hold that the Board's findings are supported by substantial evidence and therefore affirm the Board's decision that DVA did not violate the WPA by reassigning Dr. Wadhwa from the Primary Care Clinic to the C&P Section of the PVAMC.

No costs.