# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| VALERIE SIMPSON,<br>    Appellant, | DOCKET NUMBER<br>PH-0714-18-0410-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>    Agency. | DATE: March 13, 2024 |

## THIS ORDER IS NONPRECEDENTIAL[1]

Faye R. Cohen, Esquire, Philadelphia, Pennsylvania, for the appellant.

Stacey R. Conroy, Esquire, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her removal taken under the authority of the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (VA Accountability Act), Pub. L. No. 115-41, § 202(a), 131 Stat. 862, 869-73 (codified as amended at 38 U.S.C. § 714). For the reasons discussed below, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

GRANT the petition for review, VACATE the initial decision, and REMAND the case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order. On remand, the administrative judge should (1) provide the parties with an opportunity to present evidence and argument regarding whether the agency's error in reviewing the proposed removal for substantial evidence was harmful; (2) provide further findings as to whether the appellant has established that her protected disclosure was a contributing factor in the agency's decision to remove her; and (3) review the agency's penalty selection by considering the penalty factors.

## BACKGROUND

The appellant filed the instant appeal, challenging her July 2018 removal from her position as a GS-6 Advanced Medical Support Assistant at a Veterans Affairs Medical Center (VAMC). Initial Appeal File (IAF), Tab 1 at 4, Tab 4 at 6-9. The agency based its removal action, taken pursuant to the authority of 38 U.S.C. § 714, on three specifications of conduct unbecoming a Federal employee that took place in May 2018. IAF, Tab 4 at 6, 11-12. After holding the requested hearing, the administrative judge issued an initial decision sustaining two out of three specifications of the agency's charge and finding that the appellant failed to prove her affirmative defenses of harmful procedural error and whistleblower reprisal. IAF, Tab 14-1, Hearing Recording (HR); IAF, Tab 15, Initial Decision (ID). The administrative judge did not consider the reasonableness of the agency's imposed penalty, noting that such was immaterial in appeals filed under § 714, and sustained the appellant's removal. ID at 19-20.

The appellant has filed an untimely petition for review. PFR File, Tab 1. She has also filed a motion for the Board to accept her filing as timely or, in the alternative, to waive the time limit for filing based on good cause. Petition for Review (PFR) File, Tabs 1, 5. The agency has submitted an untimely response in

opposition to the appellant's petition for review but did not accompany its response with any motion for waiver.  PFR File, Tab 7.

## ANALYSIS

<u>The appellant's petition for review was untimely filed, but she has established good cause for her filing delay.</u>

The Board's regulations provide that a petition for review must be filed within 35 days of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date she received the initial decision.  5 C.F.R. § 1201.114(e).  Here, as the initial decision was issued on December 17, 2018, the appellant's petition for review would have been due January 21, 2019.[2]  ID. However, the deadline was automatically extended because of a partial shutdown of the Federal Government, requiring the Board to cease operations from December 22, 2018, through January 25, 2019, for a total of 35 days.  *See* PFR File, Tab 3 at 1.  The Board issued a press release on the eve of the partial shutdown notifying parties that the Board's electronic filing system would not be available and that all filing and processing deadlines would be extended by the number of calendar days the Board is shut down.[3]  *Id.*  Thus, accounting for this automatic extension, the deadline for filing the appellant's petition for review was February 25, 2019.  The appellant filed her petition for review by fax and U.S. mail on February 27, 2019.  PFR File, Tab 1, Tab 5 at 6.  Thus, her petition for review was untimely by 2 days.

The Board will excuse the late filing of a petition for review on a showing of good cause for the delay.  *Miller v. Department of the Army*, 112 M.S.P.R. 689,

---

[2] The initial decision erroneously set forth that the petition for review was due by an earlier date.  ID at 28.

[3] Press Release, U.S. Merit Systems Protection Board, Status of the U.S. Merit Systems Protection Board During a Partial Government Shutdown (Dec. 21, 2018), https://www.mspb.gov/publicaffairs/press_releases/Status_of_the_MSPB_During_a_Partial_Government_Shutdown_1580906.pdf.

¶ 13 (2009); 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table); *see Alonzo*, 4 M.S.P.R. at 183 (good cause is an elastic concept, which entitles the party to the application of the broad principles of justice and good conscience).

The length of the delay is a factor that must be considered in every good cause determination, and a minimal delay favors a finding of good cause. *See Walls v. Merit Systems Protection Board*, 29 F.3d 1578, 1582 (Fed. Cir. 1994). The minimal nature of a 2–day delay is a factor in the appellant's favor. *Id.* Furthermore, the appellant's excuse for her late filing is reasonable. According to the appellant's affidavit, she contacted the Office of the Clerk of the Board on or about January 12, 2019, prior to the original deadline for her petition for review and during the partial government shutdown, because she was unable to access the Board's electronic filing system. PFR File, Tab 5 at 12. She was unrepresented at this time. *Id.* at 5, 7. She avers that she was told that she should add the length of the shutdown to the date on which the Federal Government reopened and, thus, upon reopening, understood her deadline to be March 1, 2019. *Id.* at 12. Regardless of whether the appellant was, in fact, provided misinformation, or was merely confused by the press release or other information, her explanation attributing her minimal delay to the partial government shutdown

is persuasive. We note that at some later point, the appellant obtained the assistance of an attorney who, with greater prudence, could have determined the correct filing deadline. *Id.* at 8. Nonetheless, we find that the appellant's representation by an attorney at the time of filing is outweighed by the other relevant factors. Moreover, the agency has presented no evidence or argument suggesting that it would be prejudiced by a waiver of the filing time limit. PFR File, Tab 7; *see Moorman*, 68 M.S.P.R. at 63 (explaining that, once good cause has been demonstrated, the Board must determine whether the agency has shown that it would be prejudiced by a waiver of the time limit). Accordingly, we waive the filing time limit for good cause shown.

<u>We find no reason to disturb the administrative judge's findings that the agency proved its charge and that the appellant did not prove her affirmative defense of harmful procedural error.</u>

The agency charged the appellant with three specifications of conduct unbecoming a Federal employee for conduct that postdated the June 23, 2017 enactment of the VA Accountability Act.[4] IAF, Tab 4 at 6, 11-12. The administrative judge found that two out of three specifications of the agency's charge were supported by substantial evidence and sustained the charge. ID at 14-19. He also found that the appellant did not prove her affirmative defense of harmful procedural error concerning the agency's labeling of its charge or its failure to make a written summary of her oral reply. ID at 23-27. On review, the appellant challenges some, but not all, of these findings but has provided no basis for us to disturb them. PFR File, Tab 1 at 5-7. Thus, the administrative judge may incorporate these findings in his new initial remand decision. However, if any argument or evidence presented by the parties concerning the issues on remand, as set forth herein, affects the administrative judge's analysis of these

---

[4] Preenactment misconduct is not an issue in this case. *Cf. Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1380-82 (Fed. Cir. 2020) (holding that 38 U.S.C. § 714 cannot apply retroactively to conduct that took place before its enactment and vacating the petitioner's removal for that reason).

issues, he should address such argument or evidence in the remand initial decision.

<u>On remand, the administrative judge should provide the parties with an opportunity to present evidence and argument regarding whether the agency's error in reviewing the proposed removal for substantial evidence was harmful.</u>

In sustaining the appellant's proposed removal, the deciding official found that "[the] charge as stated in the notice of proposed removal was supported by substantial evidence." IAF, Tab 4 at 6. In *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1296-1301 (Fed. Cir. 2021), the U.S. Court of Appeals for the Federal Circuit determined that the agency erred by applying a substantial evidence burden of proof to its internal review of a disciplinary action under 38 U.S.C. § 714. The court found that substantial evidence is the standard of review to be applied by the Board, whereas the agency's deciding official must use a preponderance of the evidence burden of proof. *Id.* at 1298-1301. In implementing the Federal Circuit's decision in *Rodriguez*, we determined that an agency's application of the substantial evidence standard of proof should be analyzed as a harmful error affirmative defense. *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶¶ 22-25.

Because *Rodriquez* and *Semenov* were issued after the issuance of the initial decision and the appellant's petition for review in the instant appeal, the administrative judge should entertain any new harmful error affirmative defense that the appellant might raise based on the same. If the appellant raises such an affirmative defense, the administrative judge should provide the parties with an opportunity to present evidence and argument, including a supplemental hearing if requested, addressing this issue. *See* 5 U.S.C. § 7701(a)(1), (b)(1). The administrative judge should then address this affirmative defense in his remand initial decision.

Regardless of whether the appellant proves harmful error, if any argument or evidence on remand affects the administrative judge's analysis of the other

issues, the administrative judge should address such argument or evidence in the remand initial decision.

<u>On remand, the administrative judge should provide further findings as to whether the appellant's protected disclosure was a contributing factor in her removal.</u>

Before the administrative judge, the appellant raised an affirmative defense of whistleblower reprisal concerning her complaints to the VAMC Compliance and Ethics Officer and several managers in January 2018 about a backlog of ultrasound orders in need of scheduling. IAF, Tab 1 at 6, Tab 12 at 7, 11, 23-24; ID at 11-12. The administrative judge found that the appellant proved that she made disclosures protected under 5 U.S.C. § 2302(b)(8) because, according to her testimony, the matter reported evidenced a violation of an agency policy requiring that all ultrasound requests be scheduled within 30 days. ID at 21. Neither party challenges this finding on review, and we decline to disturb it.

Having found that the appellant proved that she made protected disclosures, the administrative judge considered whether she proved that they were a contributing factor in the agency's removal action. ID at 21-22; *see Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶ 12 (2015) (explaining that, in removal appeals in which the appellant raises an affirmative defense of whistleblower reprisal, the appellant must show that the protected disclosure was a contributing factor in the agency's removal action). To prove that a disclosure was a contributing factor in a personnel action, the appellant need only demonstrate that the protected disclosure was one of the factors that tended to affect the personnel action in any way. *Ayers*, 123 M.S.P.R. 11, ¶ 25; *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). One way to establish contributing factor is the knowledge/timing test. *Wadhwa v. Department of Veterans Affairs*, 110 M.S.P.R. 615, ¶ 12, *aff'd per curiam*, 353 F. App'x 435 (Fed. Cir. 2009). Under that test, an appellant can prove the contributing factor element through evidence showing that the official taking the personnel action

knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.* An appellant also may satisfy the knowledge prong of the knowledge/timing test by proving that the official taking the action had constructive knowledge of the protected disclosure, even if the official lacked actual knowledge. *Nasuti v. Department of State*, 120 M.S.P.R. 588, ¶ 7 (2014). An appellant may establish constructive knowledge by showing that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action. *Id.*

Here, the administrative judge found that the appellant did not establish her prima facie case because she did not prove that the deciding official had knowledge of her reported violations of the 30-day scheduling policy, nor did she establish that any manager who did know about the appellant's disclosures was the source of the misconduct accusation against her. ID at 21-22. However, the administrative judge did not address that the individual who proposed the appellant's removal based on a third-party's accusation was copied by the appellant on emails in which she made protected disclosures.[5] IAF, Tab 4 at 13, Tab 12 at 23-24; ID at 11; *see Visconti v. Environmental Protection Agency*, 78 M.S.P.R. 17, 23–24 (1998) (a proposing official's knowledge of protected disclosures may be imputed to the deciding official). On remand, the administrative judge should consider whether the appellant has established that the proposing official had actual knowledge of these disclosures and, as the proposing official, influenced the agency's removal action, thus satisfying the knowledge prong of the knowledge/timing test.

Moreover, the knowledge/timing test is not the only way an appellant can establish that her protected disclosures were a contributing factor in the agency's personnel action. If an appellant fails to satisfy the knowledge/timing test, the Board must consider other evidence, such as that pertaining to the strength or

---

[5] Neither party requested to call the proposing official as a witness at the hearing.

weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding official, and whether those individuals had a desire or motive to retaliate against the appellant. *Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 26 (2013); *Dorney*, 117 M.S.P.R. 480, ¶ 15. These factors are a nonexhaustive list of the evidence that may be relevant to a contributing factor determination. *See Dorney*, 117 M.S.P.R. 480, ¶ 15 (reflecting that the listed factors are the types of factors to be considered). Here, the administrative judge discussed some evidence relevant to the contributing factor determination, such as the appellant's testimony that her managers became upset with her because her disclosures risked causing them to receive poor evaluations, but only as factual background. ID at 11. He did not address this evidence in the context of the appellant's prima facie case. ID at 22. Thus, we find that the administrative judge erred by not addressing the alternative to the knowledge/timing test set forth in *Dorney* after concluding that the protected disclosures did not satisfy the knowledge/timing test. ID at 22.

On remand, the administrative judge must reconsider whether the appellant has established that her protected disclosures were a contributing factor in the agency's personnel action. *See Dorney*, 117 M.S.P.R. 480, ¶ 14. If the administrative judge determines that the appellant's disclosures did not satisfy the knowledge/timing test, then he must consider other relevant evidence. *Id.*, ¶ 15. If, after this analysis, the administrative judge finds that the appellant has proven contributing factor, then the administrative judge must determine whether the agency has proven by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected disclosures. *See Ayers*, 123 M.S.P.R. 11, ¶¶ 12, 27. As the parties were provided a full opportunity to submit argument and evidence on these issues below, the administrative judge need not provide the parties with a new opportunity to submit argument and evidence concerning the appellant's whistleblower reprisal claim. However, if

any argument or evidence presented by the parties concerning the issues on remand affects the analysis of this claim, he must address it.

<u>On remand, the administrative judge should review the agency's penalty selection by considering the *Douglas* factors.</u>

The administrative judge, in interpreting 38 U.S.C. § 714(d)(2)(B), stated that the reasonableness of the agency's imposed penalty, along with a consideration of mitigating and aggravating factors under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), was immaterial. ID at 19-20; *see* 38 U.S.C. § 714(d)(2)(B) (providing that, "if the decision of the Secretary is supported by substantial evidence, the administrative judge shall not mitigate the penalty prescribed by the Secretary."). Notwithstanding his conclusion that the *Douglas* factors were immaterial, he provided some discussion of the merits of the appellant's arguments concerning *Douglas* factor 6, i.e., the consistency of the penalty with those imposed upon other employees for the same or similar offenses. ID at 20 n.3; *see Douglas*, 5 M.S.P.R. at 305. On review, the appellant reraises her allegation of disparate penalties and argues that the administrative judge, having found that the agency failed to prove one of its specifications, was obliged to fully consider the *Douglas* factors. PFR File, Tab 1 at 9-10.

The administrative judge did not have the benefit of the Federal Circuit's recent decisions on the applicability of the *Douglas* factors in § 714 appeals. *See Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1379 (Fed. Cir. 2020); *see also Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1323-27 (Fed. Cir. 2021); *Brenner v. Department of Veterans Affairs*, 990 F.3d 1313, 1322-27 (Fed. Cir. 2021). In *Sayers*, the Federal Circuit clarified that, while the Board may not "mitigate the penalty," § 714 nevertheless requires the Board to review for substantial evidence the entirety of the agency's removal decision—including the penalty. 954 F.3d at 1379. In *Connor*, the Federal Circuit addressed the continued relevance of the *Douglas* factors and concluded that § 714 "did not alter preexisting law, which required the VA and the Board to apply the Douglas

factors to the selection and review of penalties in VA disciplinary actions." 8 F.4th at 1326. It stated, "if the Board determines that the VA failed to consider the Douglas factors or that the chosen penalty is unreasonable, the Board must remand to the VA for a redetermination of the penalty." *Id.* at 1326-1327; *see Semenov*, 2023 MSPB 16, ¶¶ 44-49 (remanding to the administrative judge to review the agency's penalty selection by considering the *Douglas* factors).

Here, the deciding official did not reference the *Douglas* factors in his removal decision. IAF, Tab 4 at 6-9. He testified at the hearing concerning his consideration of some of the factors set forth in *Douglas*, including the seriousness of the misconduct, the appellant's years of service, and whether there were options other than removal. HR (testimony of the deciding official); *see Douglas*, 5 M.S.P.R. at 305-06. However, he also testified, when asked about whether he conducted a penalty analysis in the appellant's case, that he was "not required" to conduct a *Douglas* analysis. HR (testimony of the deciding official). He explained that he "looked at the penalties, but, under [§] 714, you look at the severity of the act and then you're encouraged to move quickly on the severity of the act." *Id.* Without the benefit of the Federal Circuit's decisions regarding the Board's obligation to review the penalty in § 714 appeals, the administrative judge did not fully develop the issue of whether the agency considered the *Douglas* factors and whether the penalty of removal was reasonable. On remand, the administrative judge should permit the parties to submit additional evidence and argument on the penalty issue, determine whether the agency proved by substantial evidence that it properly applied the relevant *Douglas* factors and whether the agency's penalty was reasonable, and, if not, remand the appellant's removal to the agency for a new removal decision. *See Semenov*, 2023 MSPB 16, ¶ 50.

## ORDER

We vacate the initial decision and remand the appeal to the regional office for further adjudication consistent with this order.[6]

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

_____

[6] In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.