# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MICHAEL GARRISON, | DOCKET NUMBER |
| Appellant, | DC-0752-21-0462-I-2 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: April 18, 2024 |
| Agency. | |

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Cameron Bonney Evans</u>, Esquire, and <u>Neil C. Bonney</u>. Esquire, Virginia Beach, Virginia, for the appellant.

<u>Edith L. Moore McGee</u> and <u>Lorna J. Jerome</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

case to the regional office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge correctly sustained both specifications of the charge of improper conduct.</u>

In order to prove a charge of improper conduct, the agency must demonstrate by preponderant evidence that (1) the appellant engaged in the conduct described in the agency's specification and (2) the conduct constituted misbehavior under the circumstances. *See Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010).

Under the first specification of improper conduct, the agency alleged that on February 3, 2021, while on duty, the appellant drove a government-issued 5-ton vehicle towards two of his coworkers at the facility and stopped abruptly within a short distance of them. *Garrison v. Department of Homeland Security*, MSPB Docket No. DC-0752-21-0462-I-1, Initial Appeal File (IAF), Tab 4 at 42. Based on her review of witness testimony and a video recording of the incident, the administrative judge found that there was insufficient evidence that the appellant intended to scare or intimidate the coworkers by approaching them closely with his truck. *Garrison v. Department of Homeland Security*, MSPB Docket No. DC-0752-21-0462-I-2, Appeal File (I-2 AF), Tab 18, Initial Decision (ID) at 8; IAF, Tab 12 (video footage). However, given that the appellant came so close to the two employees that he had to steer away from them to leave the area, the administrative judge found that the appellant unnecessarily created an unsafe situation that caused at least one of the coworkers to feel scared and nervous.[2] ID at 8. We agree that this finding is consistent with the video evidence. Moreover, to the extent the administrative judge found the appellant's testimony not credible, we do not discern sufficiently strong reasons to overturn

---

[2] The administrative judge also found that the appellant had no official reason to be in the area, although the specification is silent on this point.

her implicitly demeanor-based credibility determination. *See Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016); *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).

Under the second specification, the agency alleged that on October 14, 2020, while on duty, the appellant engaged in an argument with a coworker, S.N., while "using profanity, [waving his] arms, and yelling." *Id.* The appellant does not dispute that the altercation took place or that his conduct was inappropriate.[3] However, he argues that the agency violated the applicable collective bargaining agreement (CBA) by waiting 6 months before taking disciplinary action based on the incident. I-2 AF, Tab 9 at 5 n.1; Petition for Review (PFR) File, Tab 1 at 12-13. Specifically, he cites Article 27, Section 3, which provides that disciplinary actions "should be taken in a timely fashion." PFR File, Tab 1 at 12.

We construe the appellant's claim as an affirmative defense of harmful procedural error. *See Cambridge v. Department of Justice*, 111 M.S.P.R. 152, ¶ 11 (2009) (holding that the harmful error standard applies to alleged violations of a CBA). However, assuming that the agency's delay in effecting the action was in violation of the CBA, the appellant has not shown that such delay was harmful, i.e., that the agency likely would not have removed him in the absence or cure of the delay. *See Social Security Administration v. Carr*, 78 M.S.P.R. 313, 330-32 (1998) (finding that the appellant was not prejudiced by the agency's delay in bringing an action even if her memory had faded), *aff'd*, 185 F.3d 1318 (Fed. Cir. 1999). Hence, the appellant has not shown that the agency's delay in bringing the action warrants a different result.[4]

---

[3] The appellant also argues that the first specification, standing alone, would warrant at most a reprimand. Given our finding that the agency proved both specifications of improper conduct, as well as the charge of providing inaccurate information on an employment document, it is unnecessary to address this argument.

[4] The Board has also considered "stale charge" claims as raising the equitable defense of laches, which bars an action where an unreasonable delay in bringing the action has prejudiced the subject of the action. *Salter v. Department of the Treasury*, 92 M.S.P.R. 355, ¶ 10 (2002). The party asserting laches must prove both unreasonable delay and prejudice. *Id.* Here, even if we were to find that the 6-month delay was unreasonable,

<u>The administrative judge correctly sustained the charge of providing inaccurate information on a Declaration for Federal Employment</u>.

Regarding the second charge, it is undisputed that, on May 11, 2011, the appellant pled guilty to misdemeanor possession with the intent to distribute marijuana of not more than one-half ounce, and, as a result, he was sentenced to 6 months of probation from May 5 to November 4, 2011. IAF, Tab 6 at 5. On August 24, 2018, the appellant completed a "Declaration for Federal Employment." IAF, Tab 8 at 10-13. On the form, he checked "no" in response to Question 9, which asked the following question: "During the last 7 years, have you been convicted, been imprisoned, been on probation, or been on parole?" *Id*. at 12. It is undisputed that this answer was inaccurate, as the appellant was still on probation at the beginning of the 7-year period.

The appellant argues that the agency failed to prove the element of intent required for a charge of falsification. However, the agency did not charge the appellant with falsification, but rather submission of inaccurate information.[5] Contrary to the initial decision, this charge does not involve an element of intent. *See Boo v. Department of Homeland Security*, 122 M.S.P.R. 100, ¶ 14 (2014). As it is undisputed that the appellant provided inaccurate information on the form, we agree with the administrative judge that the agency proved the charge.

<u>The appellant's whistleblower retaliation claim is not subject to a higher burden of proof under 5 U.S.C. § 2302(f)(2).</u>

On December 12, 2017, Congress passed the National Defense Authorization Act of Fiscal Year 2018 ("2018 NDAA"), Pub. L. No. 115-91,

---

the appellant has not shown that he suffered prejudice as a result.

[5] We find nothing in the language of the proposal or decision letter to indicate that the charge should be construed as a charge of falsification. *Cf. Washington v. Department of Defense*, 2016 WL 3541236, Final Order (June 28, 2016), ¶ 9 (finding that the administrative judge properly construed a charge of Submission of Inaccurate Documents as a falsification charge where the reasons stated in the decision letter exceeded the mere submission of inaccurate documents and encompassed "failure to reveal the truth behind [the appellant's] actions" and "the submission of false, fictitious, or fraudulent claims").

131 Stat. 1283, amending the language of 5 U.S.C. § 2302(f)(2). 2018 NDAA, § 1097. The revised provision reads as follows:

> If a disclosure is made during the normal course of duties of an employee, *the principal job function of whom is to regularly investigate and disclose wrongdoing* (referred to in this paragraph as the "disclosing employee"), the disclosure shall not be excluded from subsection (b)(8) if the disclosing employee demonstrates that an employee who has the authority to take, direct other individuals to take, recommend, or approve any personnel action with respect to the disclosing employee took, failed to take, or threatened to take or fail to take a personnel action with respect to the disclosing employee in reprisal for the disclosure made by the disclosing employee.

5 U.S.C. § 2302(f)(2) (emphasis added). As the Board held in *Salazar v. Department of Veterans Affairs*, 2022 MPSB 42, ¶¶ 13-14, 22, the effect of this amendment to 5 U.S.C. § 2302(f)(2) is that disclosures made in the normal course of duties of an employee whose principal job function is not to regularly investigate and disclose wrongdoing fall under the generally applicable 5 U.S.C. § 2302(b)(8), and are not subject to the requirement of proving actual reprisal in 5 U.S.C. § 2302(f)(2). The Board further found that the 2018 NDAA's version of 5 U.S.C. § 2302(f)(2) may be applied retroactively. *Salazar*, 2022 MPSB 42, ¶ 21.

Here, it is undisputed that the appellant's disclosures were made to his supervisor in the normal course of his duties. However, the agency does not allege, nor is there evidence in the record establishing, that the appellant's principal job function is to regularly investigate and disclose wrongdoing. To the contrary, the appellant's position description states that the "primary purpose of this position is to operate boom cranes and marine travel lifts in support of USCG activities within the Naval Engineering Support Units of the Industrial Operations Division." IAF, Tab 8 at 20. Thus, contrary to the administrative judge's analysis, the additional evidentiary burden under § 2302(f)(2) does not apply to the appellant. Rather, the appellant need only prove only that he had a reasonable belief his disclosure evidenced a violation of law, rule, or regulation in order to

satisfy his burden of proving he made a protected disclosure under § 2302(b)(8). The administrative judge found, and the agency does not dispute, that the appellant did make a protected disclosure of a substantial and specific danger to public health or safety. ID at 17 ("It appears undisputed that the appellant made disclosures regarding specific safety concerns that a reasonable person in his position would likely believe evidenced a substantial and specific danger.").

The appellant established that his protected disclosures were a contributing factor in the agency's decision to remove him.

The next question to be decided is whether the appellant's protected disclosures were a contributing factor in the agency's decision to remove him. The most common way of proving that a disclosure was a contributing factor in a personnel action is the "knowledge/timing" test. *Wadhwa v. Department of Veterans Affairs*, 110 M.S.P.R. 615, ¶ 12, *aff'd per curiam*, 353 F. App'x 435 (Fed. Cir. 2009). Under that test, an appellant can prove the contributing factor element through evidence that the official taking the personnel action knew of the whistleblowing disclosure and took the personnel action within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action.[6] *Id.*; *see* 5 U.S.C. § 1221(e)(1).

Here, both the proposing and deciding officials testified that they were aware of at least some of the appellant's safety disclosures, although they were not the direct recipients of those disclosures. Hearing Recording, Track 5 (testimony of the proposing official, on direct), Track 6 (testimony of the deciding official, on direct). Moreover, the appellant's disclosures, which took place between February 2020 and January 2021, were close enough in time to the

---

[6] The knowledge/timing test is not the only way for an appellant to satisfy the contributing factor standard. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). If an administrative judge determines that an appellant has failed to satisfy the knowledge/timing test, she should consider other evidence, such as (1) evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action; (2) whether the whistleblowing was personally directed at the proposing or deciding officials; and (3) whether these individuals had a desire or motive to retaliate against the appellant. *Id.*

appellant's removal that a reasonable person could conclude that they were a contributing factor in the action. *See Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶ 41 (holding that personnel actions occurring as late as 1 to 2 years after the protected disclosures are sufficient to meet the timing portion of the test). Accordingly, we find that the appellant has established a prima facie case of whistleblower retaliation.

<u>We remand the case for a new finding on whether the agency proved by clear and convincing evidence that it would have removed the appellant absent his protected disclosures.</u>

When an appellant makes out a prima facie case of whistleblower reprisal, the agency has the opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure or activity. 5 U.S.C. § 1221(e)(1)-(2); *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015). Here, after finding that the appellant failed to establish a prima facie case of whistleblower reprisal, the administrative judge further found that the agency proved by clear and convincing evidence that it would have removed him even in the absence of his disclosure. However, under 5 U.S.C. § 1221(e)(2), the Board may not proceed to the clear and convincing test unless it has first made a finding that the appellant established his prima facie case. *Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015); *disagreed with on other grounds by Delgado v. Merit Systems Protection Board*, 880 F.3d 913 (Fed. Cir. 2018). Accordingly, because the administrative judge found that the appellant failed to establish a prima facie case of whistleblower reprisal, it was inappropriate for her to proceed to the clear and convincing test. We therefore vacate that portion of the initial decision. *See Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 28 (2016). However, given our finding on review that the appellant has established a prima facie case of whistleblower reprisal, it is now appropriate to address whether the agency has shown by clear and

convincing evidence that it would have taken the same actions in the absence of his protected disclosures.

In determining whether the agency has met its burden of proving by clear and convincing evidence that it would have taken the same personnel action in the absence of the appellant's whistleblowing, the following factors should be considered: (1) the strength of the agency's evidence in support of its personnel action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not otherwise whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999); *Parikh v. Department of Veterans Affairs*, 116 M.S.P.R. 197, ¶ 36 (2011). The Board considers all of the relevant evidence, including evidence that supports the agency's case and the evidence that detracts from it. *Soto v. Department of Veterans Affairs*, 2022 M.S.P.R. 6, ¶ 11; *see Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012).

In her premature analysis of the "clear and convincing" evidence test, the administrative judge did not specifically address all three factors identified in *Carr*, 185 F.3d at 1323. Nor does it appear that she considered all of the relevant evidence as a whole. For example, in assessing the existence of a retaliatory motive on the part of the responsible agency officials, the administrative judge considered only whether those officials were personally implicated by the disclosures or suffered disciplinary action as a result. This was an erroneously restrictive view of the second *Carr* factor. *See Whitmore*, 60 F.3d at 1370 (observing that "[t]hose responsible for the agency's performance overall may well be motivated to retaliate even if they are not directly implicated by the disclosures . . . as the criticism reflects on them in their capacities as managers and employees").

It is therefore necessary to reconsider whether the agency has met its burden of proof. We find the administrative judge is in the best position to do so because she is the one who heard the live testimony and made credibility determinations. *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 37 (2013). On remand, the administrative judge should specifically address all three *Carr* factors and consider all the relevant evidence as a whole, including both the evidence that supports the agency's case and the evidence that detracts from it. *See id*.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.[7]

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

_____

[7] In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.