**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TONYA RICE,
                    Appellant,

          v.

DEPARTMENT OF THE NAVY,
                    Agency.

DOCKET NUMBER
AT-1221-23-0154-W-1

DATE: August 28, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Shaun C. Southworth, Esquire, Atlanta, Georgia, for the appellant.

Steven P. Hester, Esquire, and Jessica Dawn Vazquez, North Charleston,
     South Carolina, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**REMAND ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review. We REVERSE the administrative judge's finding that the appellant failed to make a

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

nonfrivolous allegation that her Office of Inspector General (OIG) complaint was a contributing factor in the agency's decision to maintain a hostile work environment, AFFIRM the remainder of the initial decision, and REMAND the appeal to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      To establish jurisdiction in an IRA appeal, an appellant must show by preponderant evidence that she exhausted her remedies before the Office of Special Counsel (OSC), and make nonfrivolous allegations[2] that:  (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39; *see Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

¶3      The appellant does not challenge, and we discern no error with, the administrative judge's following findings:  (1) she exhausted her administrative remedy with OSC; (2) she did not nonfrivolously allege that her equal employment opportunity complaint and grievance constituted activity protected by 5 U.S.C. § 2302(b)(9); (3) she nonfrivolously alleged that her OIG complaint was protected by 5 U.S.C. § 2302(b)(9); and (4) the only personnel action that occurred after the OIG complaint was the agency allegedly maintaining a hostile work environment.  Initial Appeal File (IAF), Tab 15, Initial Decision (ID) at 5-10.  We therefore affirm the initial decision in these regards.

---

[2] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s).

¶4        We have considered the appellant's claim on review that she disclosed an abuse of authority in her August 2019 and December 2019 disclosures. Petition for Review (PFR) File, Tab 1 at 5-8. Although the appellant asserts that there was no legitimate reason for the communications restrictions and that these restrictions harmed her and made it more difficult for her to do her job, IAF, Tab 13 at 5-6, her own pleadings reflect that the communications restrictions were imposed, at least in part, due to interpersonal conflicts between her and other agency employees and were temporary measures. IAF, Tab 1 at 32, 107-09, 111, 118. A disinterested observer could not reasonably conclude that the described events—involving an agency's temporary use of communications restrictions to address interpersonal conflicts—evidenced an abuse of authority. *See Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 15 (2014); *Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶¶ 22, 28 (2014); *Wheeler v. Department of Veterans Affairs*, 88 M.S.P.R. 236, 241, ¶ 13 (2001) (stating that an abuse of authority occurs when there is an arbitrary or capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or that results in personal gain or advantage to himself or to preferred other persons). Therefore, we affirm the administrative judge's finding that the appellant failed to nonfrivolously allege that she disclosed an abuse of authority in her August 2019 and December 2019 disclosures.

¶5        We have also considered the appellant's argument that the administrative judge erred when he found that she did not nonfrivolously allege that her OIG complaint was a contributing factor in the agency's decision to maintain the hostile work environment. PFR File, Tab 1 at 8-9; ID at 9-11. In her response to the order to show cause, the appellant made the following allegations regarding contributing factor:

> Because I reached out to [the OIG investigator] when the [letter of reprimand] appeal decision was due and after contacting [the OIG investigator], I received the decision from [the Competency Director on the grievance] with [a Labor and Employee Relations (LER)

supervisor] on copy on/around early April 2020. Timing of actions. In my appeal to employee relations, I notified them I had went [sic] to IG. See Tab 5 at p. 18. "IG meeting 1/2/20. On my appeal to [L]ER, I sent follow on email to notify them I had inquired with the IG. HR Leadership is aware." See Tab 1 at p. 111.

IAF, Tab 13 at 7.

¶6    A whistleblowing disclosure or protected activity is a contributing factor if it in any way affects an agency's decision to take a personnel action. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). One way to establish contributing factor is the knowledge/timing test. *Wadhwa v. Department of Veterans Affairs*, 110 M.S.P.R. 615, ¶ 12, *aff'd per curiam*, 353 F. App'x 435 (Fed. Cir. 2009). Under that test, an appellant can prove the contributing factor element through evidence showing that the official taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.* An appellant also may satisfy the knowledge prong of the knowledge/timing test by proving that the official taking the action had constructive knowledge of the protected disclosure, even if the official lacked actual knowledge. *Nasuti v. Department of State*, 120 M.S.P.R. 588, ¶ 7 (2014). An appellant may establish constructive knowledge by showing that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action. *Id.* Importantly, the respondent in a corrective action appeal is the agency, not its individual officials; therefore, a lack of actual knowledge by a single official is not dispositive to the issue of contributing factor. *Id.*; *Dorney*, 117 M.S.P.R. 480, ¶ 12.

¶7    We are not persuaded that the "[t]iming of actions" or temporal proximity satisfies the appellant's burden to prove knowledge under the knowledge/timing test. IAF, Tab 13 at 7; PFR File, Tab 1 at 9. However, the appellant asserted that she advised LER that she went to the OIG, she spoke to LER about several workplace issues (including a hostile work environment, a letter of reprimand,

and a grievance), and LER "work[s] for management." IAF, Tab 1 at 20, 112-13, Tab 5 at 16-18, Tab 13 at 7. Reading her pleadings together, the appellant essentially alleged that an LER employee with whom she had spoken about her OIG complaint would have spoken with her supervisors or managers about the fact that she went to OIG or advised them on workplace issues in which she was involved, and at least some of these supervisors or managers were responsible for maintaining a hostile work environment. The burden to make a nonfrivolous allegation is a low one, and the Board has held that it must resolve any doubt or ambiguity in the appellant's allegations in favor of finding jurisdiction. *Usharauli v. Department of Health and Human Services*, 116 M.S.P.R. 383, ¶ 19 (2011); *Jessup v. Department of Homeland Security*, 107 M.S.P.R. 1, ¶ 10 (2007). Given this precedent, we conclude that the appellant satisfied her burden to make nonfrivolous allegations of contributing factor under the knowledge/timing test.[3] *See Jessup*, 107 M.S.P.R. 1, ¶ 10 (finding that the appellant made a nonfrivolous allegation that the agency decisionmakers knew of the disclosure via the Chief of Staff or were influenced by the Chief of Staff, who knew of the disclosure).

¶8    Based on the foregoing, we find that the appellant nonfrivolously alleged that her OIG complaint was a contributing factor in the maintenance of the hostile work environment, and thus, the Board has jurisdiction over her IRA appeal. Accordingly, we remand the appeal to the Atlanta Regional Office, where the appellant is entitled to a hearing on the merits, which she must prove by preponderant evidence. *See* 5 U.S.C. § 1221(e)(1); *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015). If the appellant meets her burden of proving by preponderant evidence that her OIG complaint was a contributing factor in the agency's maintenance of a hostile work environment, the agency shall have the opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the

---

[3] The appellant's allegation that the hostile work environment started in August 2019, and continued following her OIG complaint, IAF, Tab 13 at 5-7, satisfies her burden to prove the timing prong of the knowledge/timing test at the jurisdictional stage.

appellant's OIG complaint. *See* 5 U.S.C. § 1221(e)(2); *Carr v. Social Security Administration*, 185 F.3d 1318, 1322-23 (Fed. Cir. 1999); *Lu*, 122 M.S.P.R. 335, ¶ 7.

## ORDER

¶9      For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                     _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.