**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KELLY TAVERNINI,<br>   Appellant, | DOCKET NUMBER<br>AT-1221-20-0208-W-1 |
|   v. | |
| DEPARTMENT OF VETERANS<br>  AFFAIRS,<br>   Agency. | DATE: September 20, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jerry Girley</u>, Esquire, Orlando, Florida, for the appellant.

<u>Tsopei Robinson</u>, Esquire, West Palm Beach, Florida, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication of this appeal.

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which denied corrective action in her individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED (1) to supplement the administrative judge's analysis to clarify that the appellant's disclosure of information to the Office of Special Counsel (OSC) and the agency's Office of the Inspector General (OIG) constituted protected activity under 5 U.S.C. § 2302(b)(9), (2) to clarify the legal standard applicable to the appellant's claim that the agency placed her under "increased scrutiny," (3) to supplement the administrative judge's analysis to find that, although both of the appellant's proposed suspensions constituted personnel actions, the appellant exhausted only one of her two proposed suspensions with OSC, and (4) to supplement the administrative judge's analysis of the contributing factor criterion, we AFFIRM the initial decision, still finding that the appellant is not entitled to corrective action.

## BACKGROUND

On December 30, 2019, the appellant, a GS-9 Diagnostic Radiologic Technologist, filed an appeal with the Board alleging that the agency had engaged in whistleblower retaliation. Initial Appeal File (IAF), Tab 1 at 5, 13, Tab 8 at 6, 138. Specifically, she alleged that the agency had targeted her, bullied her, and

proposed her 5-day suspension in retaliation for a series of protected disclosures that she had made regarding patient care and medical recordkeeping. IAF, Tab 1 at 14. The appellant requested a hearing on the matter. *Id*. at 2.

Shortly after filing her appeal, the appellant submitted to the administrative judge a November 14, 2019 close-out letter from OSC. IAF, Tab 2 at 3-4. In this letter, OSC explained that it was closing its investigation into the appellant's allegations that, in "retaliation for making disclosures about discrimination and harassment in the workplace, as well as about patient care concerns regarding the number of open radiology consults and possible records-tampering," the agency had subjected her to a hostile work environment, placed her on a detail, denied her Personal Identify Verification card access, issued her a proposed 5-day suspension, and violated her *Weingarten* rights.[2] *Id*. at 3.

The administrative judge issued a jurisdictional order wherein he explained the circumstances under which the Board has jurisdiction to adjudicate IRA appeals, and he ordered the appellant to identify her claims and to file specific evidence and argument regarding jurisdiction. IAF, Tab 4 at 1-8. The administrative judge thereafter concluded that the alleged protected disclosures/activities at issue in this matter, to the exclusion of all others, were whether the appellant had disclosed to either the agency's OIG or to OSC that agency management had "hid" a list of patients awaiting radiologic treatment so as to artificially improve their performance metrics. IAF, Tab 20 at 1, 3. The administrative judge identified the cognizable personnel actions at issue, to the exclusion of all others, as (1) the agency having placed the appellant under "increased scrutiny" and (2) the agency having proposed to suspend the appellant on two separate occasions. *Id*. at 1, 3-4. The administrative judge provided both

---

[2] In *National Labor Relations Board v. J. Weingarten Inc.*, 420 U.S. 251 (1975), the U.S. Supreme Court held that, under the National Labor Relations Act, an employee has a right to union representation during an investigatory interview when the employee reasonably believes that discipline may result.

parties with 7 days to object to his characterization of the issues; however, neither party objected. *Id*. at 1.

Following a hearing conducted via Zoom for Government, the administrative judge issued an initial decision finding that, although the appellant had established Board jurisdiction over the matter, she was not entitled to any corrective action. IAF, Tab 27, Initial Decision (ID) at 1, 6, 12. In so finding, the administrative judge first concluded that the appellant had exhausted with OSC her claim that management had hidden a list of veteran patients awaiting treatment on a computer drive so as to artificially improve performance metrics. ID at 5. He next found that the appellant had failed to show that the agency's "increased scrutiny" of her constituted a cognizable personnel action under 5 U.S.C. § 2302(a). ID at 6. He thereafter considered whether the appellant had made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9) vis-à-vis her interactions with OIG and OSC; however, he declined to make a finding on the issue because he reasoned that, even assuming that she had, she failed to show that any such disclosure or activity could have contributed to the remaining alleged personnel actions, i.e., her two proposed suspensions. ID at 7-12.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has not filed a response. In her petition, the appellant argues that the administrative judge erred in finding that she failed to satisfy the contributing factor criterion insofar as her disclosure to OIG contributed to her proposed 5-day suspension. *Id*. at 4-8.

## DISCUSSION OF ARGUMENTS ON REVIEW

Under the Whistleblower Protection Enhancement Act of 2012 (WPEA), an appellant may establish a prima facie case of retaliation for whistleblowing disclosures and/or protected activity by proving by preponderant evidence[3] that

---

[3] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested

(1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the whistleblowing disclosure or protected activity was a contributing factor in the agency's decision to take a personnel action against her.  5 U.S.C. § 1221(e)(1); *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 6 (2015). Under 5 U.S.C. § 1214(a)(3), an employee is required to seek corrective action from OSC before seeking corrective action from the Board.  *See Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992).

We supplement the initial decision to clarify that the appellant's contact with OIG and OSC constituted protected activity under 5 U.S.C. § 2302(b)(9) and that the appellant exhausted this activity with OSC.

As set forth above, the administrative judge here reasoned that the appellant's alleged disclosure of information regarding a hidden patient list to OIG and/or OSC could potentially constitute a protected disclosure under 5 U.S.C. § 2302(b)(8) and/or protected activity under 5 U.S.C. § 2302(b)(9); however, he did not make a finding on the issue because he concluded that, given the appellant's failure to satisfy the contributing factor criterion, such a finding was not material to the outcome of the appeal.  ID at 7.  As discussed herein, we agree with the administrative judge's conclusion that the appellant failed to satisfy the contributing factor criterion; thus, we discern no material error with this approach.  However, we supplement the initial decision to clarify that the uncontroverted evidence in the record shows that the appellant engaged in protected activity under 5 U.S.C. § 2302(b)(9).

Under the broadly worded provision of 5 U.S.C. § 2302(b)(9)(C), disclosures of information to an agency's OIG or to OSC are protected regardless of their content, as long as such disclosures are made "in accordance with applicable provisions of law."  *Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8.  Here, it is undisputed that the appellant made an anonymous complaint to

---

fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

the agency's OIG in the spring/summer of 2019.[4] IAF, Tab 7 at 20, Tab 16 at 63-65. It is also undisputed that the appellant filed a complaint with OSC in July 2019.[5] IAF, Tab 7 at 7-18, 20. We therefore supplement the initial decision to find that the appellant's OIG and OSC complaints both meet the broad standard set forth in 5 U.S.C. § 2302(b)(9)(C) and, therefore, constitute protected activity. We also supplement the initial decision to explicitly find that the appellant properly exhausted this activity with OSC prior to filing her Board appeal. Indeed, the record contains the appellant's OSC complaint, OSC's preliminary determination letter, and OSC's close-out letter, all of which evince that she raised her OIG complaint with OSC. IAF, Tab 2 at 3, Tab 7 at 12, 20; *see generally Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 12 (2013) (explaining that an appellant can demonstrate exhaustion by providing to the Board, among other things, her OSC complaint, any amendments thereto, OSC correspondence discussing the claims, and her responses to the OSC correspondence). The record also evinces that the appellant exhausted her OSC complaint with OSC. In particular, OSC's preliminary determination letter indicates that the appellant amended her OSC complaint to allege that she had been retaliated against for having filed the same. IAF, Tab 7 at 20. Accordingly, we supplement the initial decision to clarify that the appellant showed by preponderant evidence that she engaged in protected activity vis-à-vis her contact

[4] Although the appellant informed OSC that she had contacted OIG on May 7, 2019, she testified at the hearing that the contact had taken place in July 2019. IAF, Tab 7 at 12, 18, 20; ID at 3. This discrepancy, however, is not material to the outcome of this appeal.

[5] The initial decision referenced only the OSC complaint underlying this appeal, i.e., OSC File No. MA-19-4252; however, the record indicates that the appellant filed a second July 2019 complaint with OSC's Disclosure Unit. IAF, Tab 7 at 19 n.1, 20. This oversight is not material to the outcome of this appeal. Indeed, as discussed herein, we discern no basis to disturb the administrative judge's conclusion that the appellant failed to show that any salient management officials were aware of her contact with OSC. ID at 8; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

with OIG and OSC and that she properly exhausted this activity with OSC prior to filing her Board appeal.

<u>We modify the initial decision to clarify the legal standard applicable to the appellant's claim that the agency placed her under "increased scrutiny."</u>

The definition of "personnel action" includes "any . . . significant change in duties, responsibilities, or working conditions." 5 U.S.C. § 2302(a)(2)(A)(xii). Here, in his initial decision, the administrative judge considered whether the appellant's claim of "increased scrutiny" constituted such a "significant change," but he concluded that it did not. ID at 6.

Subsequent to the initial decision, the Board clarified the legal standard applicable to claims of a "significant change in duties, responsibilities, or working conditions." In particular, the Board found that, although "significant change" should be interpreted broadly to include harassment and discrimination that could have a chilling effect on whistleblowing or otherwise undermine the merit system, only agency actions that, individually or collectively, have practical and significant consequence for an appellant constitute a personnel action covered by section 2302(a)(2)(A)(xii). *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶¶ 15-16. Thus, the agency actions must have significant effects on the overall nature and quality of the appellant's working conditions, duties, or responsibilities. *Id*. Here, because the administrative judge found that the appellant had failed to provide meaningful evidence that agency management had, as alleged, increased its scrutiny of her, ID at 6, and the appellant does not meaningfully challenge this finding on review,[6] we find that the appellant's claim necessarily fails under the legal framework set forth in *Skarada*.

---

[6] The appellant generally references the agency's "enhanced scrutiny" of her; however, she neither specifically challenges any of the administrative judge's conclusions related thereto nor references any evidence in the record that would undermine the same. PFR File, Tab 1 at 7; *see Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (explaining that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge and concluding that the appellant's petition contained neither evidence nor argument demonstrating error by the administrative judge).

<u>We supplement the initial decision to find that, although both of the appellant's proposed suspensions constitute cognizable personnel actions, the appellant exhausted only one of her two proposed suspensions with OSC.</u>

The definition of "personnel action" for purposes of the WPEA also includes "an action under chapter 75 of this title or other disciplinary or corrective action." 5 U.S.C. § 2302(a)(2)(A)(iii). A proposed suspension therefore constitutes a cognizable personnel action. *See Fulton v. Department of the Army*, 95 M.S.P.R. 79, ¶ 8 (2003) (explaining that a threat or proposal to take an action enumerated under 5 U.S.C. § 2302(a) is covered). The administrative judge did not make an explicit finding as to whether either of the appellant's two proposed suspensions were cognizable personnel actions under the WPEA;[7] accordingly, we supplement his analysis.

The record indicates that the agency twice proposed to suspend the appellant. First, on September 17, 2019, it proposed her 5-day suspension based on the following charges: (1) a privacy violation; (2) unauthorized access to a confidential shred bin; and (3) failure to comply with her supervisor's instructions. IAF, Tab 8 at 31-33. Thereafter, on January 10, 2020, the agency proposed to suspend her for 14 days based on the charge of careless workmanship. IAF, Tab 7 at 45-47. Accordingly, we supplement the initial decision to find that both the appellant's proposed 5-day suspension and her proposed 14-day suspension constitute personnel actions under 5 U.S.C. § 2302(a)(2)(A)(iii). We also find that the appellant exhausted her proposed 5-day suspension with OSC; indeed, OSC's close-out letter specifically referenced this proposed action. IAF, Tab 2 at 3; *see Mudd*, 120 M.S.P.R. 365, ¶ 12. However, insofar as the agency did not propose the appellant's 14-day suspension until January 10, 2020, after OSC had already issued its November 14, 2019 close-out letter, the appellant could not have exhausted the same with OSC.

---

[7] Nevertheless, he considered whether the appellant's ostensible protected disclosures/activity could have contributed to either of her proposed suspensions. ID at 10-11.

IAF, Tab 2 at 3-4, Tab 7 at 45-47. Accordingly, the only proposed suspension at issue for purposes of this appeal is the appellant's September 17, 2019 proposed 5-day suspension. IAF, Tab 8 at 31-33; *see Briley v. National Archives & Records Administration*, 236 F.3d 1373, 1377 (Fed. Cir. 2001) ("The Board's jurisdiction is limited to issues raised before the OSC."). Indeed, the proposed 5-day suspension is the only cognizable personnel action at issue in this appeal.

The appellant does not provide a basis to disturb the administrative judge's conclusion that she failed to satisfy the contributing factor criterion; however, we supplement the administrative judge's analysis of the criterion.

The appellant contends that the administrative judge erred in finding that she failed to satisfy the contributing factor criterion vis-à-vis her OIG complaint.[8] PFR File, Tab 1 at 5. To this end, she avers that, although her OIG complaint was anonymous, agency personnel could have figured out that she was the source of the complaint because she had previously raised concerns with agency management that were similar to those raised in her OIG complaint. *Id.* at 5, 7. She also asserts that the agency proposed her 5-day suspension shortly after her contact with OIG, suggesting that the latter likely precipitated the former. *Id.* at 7.

An appellant's protected activity is a contributing factor if it in any way affects an agency's decision to take, or fail to take, a personnel action. *See Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). One way to satisfy the contributing factor criterion is the knowledge/timing test. *Wadhwa v.*

---

[8] The thrust of the appellant's petition for review is that the agency retaliated against her because she filed an anonymous OIG complaint; however, we acknowledge that the appellant vaguely states that "[t]he [a]gency's witnesses did testify that they were aware of the nature of the complaint as it relates to doctoring the clinic availability times." PFR File, Tab 1 at 7. To the extent this statement references the appellant's OSC complaint in lieu of her OIG complaint, it does not provide a basis to disturb the administrative judge's conclusion that the appellant "presented no evidence that any salient management official had any awareness of her OSC complaint." ID at 8; *see Riggsbee v. Office of Personnel Management*, 111 M.S.P.R. 129, ¶ 11 (2009) (explaining that an appellant's mere disagreement with the administrative judge's explained factual findings and legal conclusions therefrom does not provide a basis to disturb the initial decision).

*Department of Veterans Affairs*, 110 M.S.P.R. 615, ¶ 12, *aff'd*, 353 F. App'x 435 (Fed. Cir. 2009). Under this test, an appellant can prove the contributing factor element through evidence showing that the official taking the personnel action knew of her protected activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the activity was a contributing factor in the personnel action. *Id.* Generally, the Board has held that, if an administrative judge determines that an appellant has failed to satisfy the knowledge/timing test, he shall consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether these individuals had a desire or motive to retaliate against the appellant. *Dorney*, 117 M.S.P.R. 480, ¶ 15.

Here, the administrative judge found, based on credibility determinations, that none of the agency management officials involved in the appellant's proposed suspensions had any actual or imputed knowledge that the appellant was the source of the anonymous OIG complaint. ID at 8. In particular, he credited the testimony of one of the salient agency management officials, Dr. C., who explained that she would have had no reason to associate any of the issues raised in the OIG complaint with the appellant "because the appellant was never a part of management's discussion about these issues and because the appellant never addressed these issues with her." ID at 8-9; IAF, Tab 16 at 63-65. By contrast, the administrative judge found the appellant's testimony regarding her purported disclosures to management "fragmented and contrived."[9] ID at 9. We discern no

---

[9] The appellant's OIG complaint pertained to, among other things, agency personnel allegedly "changing patient access to grids causing delays in getting patients scheduled for appointments." IAF, Tab 16 at 63 (grammar as in original). Although related, this allegation differs slightly from the appellant's claim before the Board, i.e., that agency personnel purposefully hid a list of patients awaiting appointments on a computer drive. Accordingly, the administrative judge reasoned that, more likely than not, "the appellant learned of [the computer d]rive issue after [she had made] her anonymous [OIG complaint]" and thereafter "shifted" her claims "to bolster her IRA appeal." ID at 9. In any event, the appellant's arguments on review do not provide a basis to disturb

basis to disturb these findings. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (holding that the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing).

In addition, we find that the administrative judge appropriately considered additional evidence, including the agency's reasons for proposing to suspend the appellant, ID at 10-11. *See Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). Accordingly, we affirm as modified the administrative judge's conclusion that the appellant failed to satisfy the contributing factor criterion.

Because the appellant failed to show by preponderant evidence that her contact with OIG and/or OSC contributed to her proposed 5-day suspension, we agree with the administrative judge's conclusion that she failed to establish a prima facie case of retaliation for whistleblowing. *See Webb*, 122 M.S.P.R. 248, ¶ 6. Accordingly, we affirm the initial decision as modified.

## NOTICE OF APPEAL RIGHTS[10]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not

---

the administrative judge's conclusion that the appellant failed to show that she had raised any concerns that would have associated her with the anonymous OIG complaint. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11]  The court of appeals must <u>receive</u> your petition for

---

[11] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195,

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

Gina K. Grippando

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.